# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NICHOLAS A. DELEON,

        Plaintiff,

    v.                                              Case No. 05-C-521

OFFICER KEVIN RICE,
OFFICER RONN K. GRACE,
OFFICER STEVEN A. GUTH, and
WAUKESHA COUNTY MUNICIPALITY,

        Defendants,

## <u>ORDER</u>

Plaintiff Nicholas A. DeLeon, who is incarcerated at the Waukesha County Jail, lodged a <u>pro se</u> civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed <u>in forma pauperis</u>.

Plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). He has been assessed and paid an initial partial filing fee of $10.67. <u>See</u> <u>id.</u> The remainder of the filing fee will be collected pursuant to 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 [1957]). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

2

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (quoting Conley, 355 U.S. at 47); see also Thomson v. Washington, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." Thomson, 362 F.3d at 970.

As noted, plaintiff is incarcerated at the Waukesha County Jail. The complaint alleges:

> On September 18, 2004, I was in Chubbys Tavern located at 1220 Strand, in Waukesha County. At this time 11pm two officer[s] Kevin N. Rice and Ron Grace entered the bar. I was in the back talking to some friends; when I was approached by these two officers while standing next to the wall. Officer Rice walked up to me and asked me something, but I could not here [sic] him the bas[s] was too loud. I said, "what." The officer then started yelling because of the noise in the bar, I said, "do you have any IDs." I said, "whats the problem." The officer said, "I said ID's." I answered, "what for." At the time I had my hand out, then placed them on my hips. The Officer Rice and Grace then ran at me with full force rammed me into the back door and threw it, smashing my face into the door tearing my eye open.

(Compl. ¶ IV. A.) Plaintiff seeks compensatory and punitive damages.

Claims that law enforcement officers have used excessive force in the course of an arrest are analyzed under the Fourth Amendment and its "reasonableness" standard. Graham v. Connor, 490 U.S. 386 (1989); see also Smith v. City of Chicago, 242 F.3d 737 (7th Cir. 2001). The reasonableness inquiry is objective: "the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances

3

confronting them, without regard to their underlying intent or motivation." <u>Graham</u>, 490 U.S. at 397. The amount of permissible force depends on the specific situation, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u> at 396.

Construing the complaint in the light most favorable to plaintiff, the court finds that he has stated sufficient facts to support an arguable Fourth Amendment claim.

### ORDER

**IT IS THEREFORE ORDERED** that plaintiff's request to proceed <u>in forma pauperis</u> be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Waukesha County Sheriff or his designee shall collect from the plaintiff's prison trust account the $239.33 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

4

**IT IS ALSO ORDERED** that copies of this order be sent to the Waukesha County Sheriff.

Plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk's Office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 10 day of June, 2005.


/s_____
LYNN ADELMAN
District Judge