# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

NICHOLAS A. DELEON,

      Plaintiff,

v.                                               Case No. 05-C-521

OFFICER KEVIN RICE,
OFFICER RONN K. GRACE,
OFFICER STEVEN A. GUTH and
WAUKESHA COUNTY MUNICIPALITY,

      Defendants.

## MEMORANDUM AND ORDER

      Nicholas DeLeon, plaintiff, who is currently housed at the Waukesha County Huber Facility, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, on May 10, 2005. Plaintiff's request for leave to proceed in forma pauperis was granted on June 10, 2005. In his complaint, plaintiff claims that his Fourth Amendment rights were violated by defendants when he was incarcerated at the Waukesha County Jail.

      Defendant "Waukesha County Municipality" filed a motion to dismiss on July 8, 2005. In its motion, defendant contends that the complaint fails to contain any allegations against Waukesha County nor does it allege a constitutional violation based upon defendant's policies, practices or customs. In addition, plaintiff submitted a letter on July 1, 2005, asking the court to appoint counsel to represent him in this case. Both of the parties' applications will be addressed herein.

## I. DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. See Fed. R. Civ. P. 12(b)(6). Dismissal of an action pursuant to such a motion is warranted if the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997); see Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts; it is that even assuming all of his facts are accurate, he has no legal claim. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). The facts alleged in the complaint are assumed to be true, and all facts, and all reasonable inferences flowing from those facts, are read in the light most favorable to the plaintiff. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

In support of its motion to dismiss, defendant submits the affidavit of Daniel Trawicki, the current Sheriff of Waukesha County. When ruling on a Rule 12(b)(6) motion, the court must focus on the pleadings of the parties. If "matters outside the pleadings are presented to and not excluded by the court" in connection with a motion to dismiss for failure to state a claim, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed. R. Civ. P. 12(b).

While an affidavit was submitted by defendant in connection with the present motion to dismiss, the motion will not be treated as one for summary judgment. I need not consider the affidavit of Sheriff Trawicki to resolve the instant motion because plaintiff, in his

response, admits that he is not pursuing any claims against defendant Waukesha County. Indeed, in his response to the motion to dismiss, plaintiff changed the case caption to name "City of Waukesha Municipality" as a defendant rather than "Waukesha County Municipality." Accordingly, there being no opposition, defendant's motion to dismiss the action against Waukesha County Municipality will be granted.

Although plaintiff altered the case caption in his response to the motion to dismiss, such alteration does not amount to an amendment of his complaint. Plaintiff must seek leave of court to add a party to the lawsuit. See Fed. R. Civ. P. 21; Ed Miniat, Inc. v. Globe Life Ins. Group, Inc., 805 F.2d 732, 736 (7th Cir. 1986). If plaintiff wishes to amend his complaint to add the City of Waukesha as a defendant, he must file a motion within 30 days of the date of this order seeking leave to do so.

## II. PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

On July 1, 2005, plaintiff filed a letter requesting appointed counsel which the court will treat as a motion. See Fed. R. Civ. P. 7(b). In his letter, plaintiff states that he does not have the financial ability to pay an attorney and that he needs the advice of counsel because he does not know how to go forward in this case. (Docket #8.)

Although civil litigants do not have a constitutional or statutory right to counsel, this court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995)). "As a threshold matter, litigants must make a reasonable attempt to secure private counsel." Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address whether, given the difficulty of

3

the case, the plaintiff appears to be competent to try the case him or herself and, if not, whether the presence of counsel is likely to make a difference in the outcome of the case. Id. (citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993)).

Here, plaintiff has not demonstrated that he has made any effort to secure counsel or that such effort was unsuccessful. Accordingly, he has not met his threshold burden, and his motion will be denied without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the motion to dismiss of defendant Waukesha County Municipality (Docket # 14) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Waukesha County Municipality is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that plaintiff shall have 30 days from the date of this order to file a motion seeking leave to amend the complaint to add the City of Waukesha as a defendant.

**IT IS FURTHER ORDERED** that plaintiff's motion for the appointment of counsel (Docket #8) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that to expedite a resolution of this case, the parties shall comply with the following scheduling order:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **January 23, 2006**.
   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least 14 days before such a deposition, defendants serve all parties with the notice required by the rule.
2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil

4

Procedure), together with briefs, are to be filed no later than **February 24, 2006**, and in accordance with Civil Local Rule 7.1. Copies of Rule 56 and Local Rule 7.1 (E.D. Wis.) are included with this order.

If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The plaintiff is advised that if a defendant files a motion for summary judgment supported by one or more affidavits or other materials, the plaintiff may not rely upon the allegations of the complaint but must introduce affidavits or other evidence to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court orders will result in the dismissal of this action for failure to prosecute.

4. **Service.** Under Fed. R. Civ. P. 5(a), a copy of every paper or document filed with the court must be sent to opposing parties.

Dated at Milwaukee, Wisconsin, this 20 day of October, 2005.

/s_____
LYNN ADELMAN
U.S. District Judge

## Rule 56. **Summary Judgment**

(a) For Claimant. A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

(d) Case Not Fully Adjudicated on Motion. If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

(e) Form of Affidavits; Further Testimony; Defense Required. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or <u>denials</u> of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may such other order as is just.

(g) Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987.)

**Civil L.R. 7.1 Motion Practice**

(a)     Every motion must set forth the rule pursuant to which it is made and, except for those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), must be accompanied by (1) a supporting brief and, when necessary, affidavits or other documents, or (2) a certificate of counsel stating that no brief or other supporting documents will be filed. If the movant fails to comply with either (1) or (2) above, the Court may deny the motion as a matter of course.

(b)     On all motions other than those for summary judgment or those brought under Civil L.R. 7.4 (Expedited Non-Dispositive Motion Practice), the opposing party must serve a response brief and, when necessary, affidavits or other documents within 21 days of service of the motion.  The movant may serve a reply brief and, when necessary, affidavits or other documents, within 14 days from the service of the response brief.

(c)     On motions for summary judgment, the opposing party must serve a response answering brief and affidavits or other documents within 30 days of service of the motion; the movant may serve a reply brief and, when necessary, affidavits or other documents within 15 days of service of the response brief.  Parties must also comply with Civil L.R. 56.2 regarding additional summary judgment motion procedures.

(d)     All filings under this must indicate the date and method of service.  On a showing of good cause, the Court may extend the time for filing of any brief.  Failure to file a timely brief shall be deemed a waiver of the right to submit it.  All papers served under this rule must be filed promptly.  (See Fed. R. Civ. P. 5(d).)

(e)     Oral argument, if deemed appropriate, may be scheduled at the discretion of the judicial officer.

(f)     Except by permission of the Court, principal briefs on motions must not exceed 30 pages and reply briefs must not exceed 15 pages, exclusive of pages containing the statement of facts, the proposed findings of fact as required by Civil L.R. 56.2, exhibits, and affidavits, but inclusive of headings and footnotes.  A reply brief and any affidavits or other documents filed with the reply brief must be limited to matters in reply.