UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLAS A. DELEON,

      Plaintiff,

v.                                         Case No. 05-C-521

OFFICER KEVIN RICE, OFFICER RONN
K. GRACE, and OFFICER STEVEN A. GUTH,

      Defendants,

## ORDER

Plaintiff Nicolas DeLeon filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2005. On June 10, 2005, he was granted leave to proceed in forma pauperis on his claim that his Fourth Amendment rights were violated by defendants when he was incarcerated at the Waukesha County Jail. Presently before the court is the defendants' "Expedited Motion to Compel Discovery and for An Extension of the Court's Scheduling Order" which was filed pursuant to Civil Local Rule 7.4. (Docket #26.)

In their motion, defendants seek (1) an order compelling plaintiff to respond to defendants' discovery requests; (2) an order requiring plaintiff to sign and return the "Authorization for the Disclosure of Non-Health Confidential Information" and "Authorization for Protected Health Information" which were sent to him by defendants; (3) an extension of the discovery and dispositive motions deadlines which were set by the court in the Scheduling Order of October 21, 2005; and (4) an order directing plaintiff to reimburse defendants for costs, including reasonable attorney's fees. To date, plaintiff has not filed

a response to defendants' motion and the time for doing so has expired.  See Civil Local Rule 7.4(b).

Defendants contend that an order compelling discovery is warranted because plaintiff has not provided any written responses to the "Request for Interrogatories, Production of Documents and Requests to Admit" that was served on plaintiff on December 22, 2005. In addition, defendants argue that the signed authorizations they received from plaintiff concerning his medical information and non-health confidential information were completely redacted.  Specifically, defendants assert that "Plaintiff redacted Defendants' requests to obtain medical health records and all of his non-health information maintained by the Department of Corrections."  (Docket #26 at ¶7.)

Although Federal Rule of Civil Procedure 37 permits the court to compel discovery, the party seeking such discovery must complete several steps before court intervention is appropriate.  The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences."  Civ. L.R. 37.1 (E.D. Wis.).  If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).

According to Civil Local Rule 37.1

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

The defendants' discovery motion was not accompanied by the written statement contemplated under Civil Local Rule 37.1.  Because the court is unable to establish that defendants engaged in the required personal consultation or attempted to resolve their differences without court involvement, court action would be premature at this time.

Although the court will deny defendants' motion to the extent that it seeks an order to compel discovery, it will grant their request for an extension of the discovery and dispositive motion deadlines in this case.  At present, all discovery was to be completed by March 1, 2006, and all dispositive motions are to be filed by April 5, 2006.  (Docket #24.)  In view of the discovery issues between the parties, the court finds that a modification of the scheduling order is warranted.  Therefore, the date by which the parties are to complete discovery shall be extended to April 24, 2006, and the deadlines by which the parties are to file dispositive motions will be extended to May 22, 2006.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that "Defendants' Expedited Motion to Compel Discovery and for an Extension of the Court's Scheduling Order" is **DENIED** to the extent that it seeks an order to compel discovery but **GRANTED** to the extent that it seeks an extension of the court's scheduling order.

**IT IS FURTHER ORDERED** that the date by which the parties are to complete discovery is extended to April 24, 2006, and the deadlines by which the parties are to file dispositive motions is extended to May 22, 2006.

Dated at Milwaukee, Wisconsin, this 26 day of March, 2006.

/s_____
LYNN ADELMAN
District Judge