# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICOLAS A. DELEON,**

    **Plaintiff,**

v.                                                              Case No. 05-C-521

**OFFICER KEVIN RICE, OFFICER RONN
K. GRACE, and OFFICER STEVEN A. GUTH,**

    **Defendants,**

## ORDER

Plaintiff Nicolas DeLeon filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2005. On June 10, 2005, he was granted leave to proceed in forma pauperis on his claim that his Fourth Amendment rights were violated by defendants when he was incarcerated at the Waukesha County Jail. Presently before the court is the defendants' "Rule 7.4 Expedited Non-Dispositive Motion" which seeks (1) an order compelling plaintiff to respond to defendants' discovery requests; (2) an order directing plaintiff to reimburse defendants for their costs, including reasonable attorneys' fees, in bringing the motion; and (3) an extension of the discovery and dispositive motion deadlines. (Docket #32.) To date, plaintiff has not filed a response to defendants' motion and the time for doing so has expired. See Civil Local Rule 7.4(b).

### I. MOTION TO COMPEL

Defendants contend that an order compelling discovery is warranted because plaintiff has not provided any written responses to their "First Request for Interrogatories, Production of Documents and Requests to Admit" which was originally served on plaintiff on December

22, 2005. In addition, defendants argue that the authorizations returned to them by plaintiff concerning his medical and mental health information and non-health confidential information were signed but were completely redacted.

Federal Rule of Civil Procedure 37 permits the court to compel discovery after the party seeking such discovery completes the necessary steps before court intervention is appropriate. The party seeking discovery must first direct his request to the opposing party. If the opposing party fails to provide the materials, the party must then "personal[ly] consult[]" with the opposing party and "attempt[] to resolve their differences." Civ. L.R. 37.1 (E.D. Wis.). If the party is still unable to obtain discovery, he may file a motion to compel discovery with the court pursuant to Fed. R. Civ. P. 37(a).

In addition, Civil Local Rule 37.1 provides as follows:

> All motions for discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written statement by the movant that, after personal consultation with the party adverse to the motion and after sincere attempts to resolve their differences, the parties are unable to reach an accord. The statement must also recite the date and time of such conference and the names of all parties participating in it.

Defendants have provided the written statement contemplated under Civil Local Rule 37.1 which establishes that defendants engaged in the required personal consultation with the plaintiff and attempted to resolve their differences without court involvement. (Olson Decl. at ¶13.) Because plaintiff did not file an opposition to defendants' motion to compel, the court will accept as true defendants' version of events concerning the discovery dispute.

Defendants' motion and supporting declaration reveal that on December 22, 2005, defendants served plaintiff with their "First Request for Interrogatories, Production of Documents and Requests to Admit." (Docket #32 at ¶1; Olson Decl. at ¶1, Ex. A.) On

2

January 3, 2006, defendants sent plaintiff authorization forms to be signed; namely, (1) an "Authorization for the Disclosure of Non-Health Confidential Information" and (2) an "Authorization for Use and Disclosure of Protected Health Information."[1] (Docket 32 at ¶1; Olson Decl. at ¶3, Ex. B.) Each form sought disclosure of records on file with the Department of Corrections ("DOC"). (Id.)

The Authorization for the Disclosure of Non-Health Confidential Information form sought disclosure of "Legal" records on file with the DOC, and, in the box marked "Other," defendants requested disclosure of "All records in file" for "All time period[s]." (Olson Decl., Ex. B.) Through the Authorization for Use and Disclosure of Protected Health Information form, defendants sought all information on file with the DOC relating to the "Medical (Physical Health)" and "Mental Health" of plaintiff. With respect to the medical information requested, the defendants specifically requested any information regarding "diagnosis/prognosis," "progress notes/summaries," "treatment/health care plan(s)," "medications," "laboratory reports/x-rays," "physician's orders" and any "other" medical information on file with the DOC. (Id.) As for the mental health records, the defendants specifically requested any "Psychological," "Psychiatric," or "Social Work (Counseling/Therapy)" information relating to "assessment/diagnosis," "treatment plan(s)," progress notes/summaries," "'psychotherapy notes" and any "other" mental health information on file with the DOC. (Id.)

---

[1] Plaintiff was sent two Authorization for Use and Disclosure of Protected Health Information forms because the instructions on the form required that a separate form be used when requesting "psychotherapy notes." Because the defendants were, in fact, requesting that information, they completed a separate authorization form for plaintiff's signature.

In addition to seeking medical and mental health information, the Authorization for Use and Disclosure of Protected Health Information form filled out by defendants also requested any material on file with the DOC relating to plaintiff's "Alcohol and Drug Information," "Developmental Disability" and "HIV and AIDS." Furthermore, in a box marked "Other," defendants sought "Any and all records contained in this person's file." (Id.)

On January 18, 2006, plaintiff notified defendants by telephone that he would not provide his discovery responses until he received a copy of his deposition transcript. (Docket # 32 at ¶2; Olson Decl. at ¶5.) That same day, defendants provided plaintiff with information he could use to order a copy of his deposition transcript and reminded him that his responses were overdue. (Docket # 32 at ¶3; Olson Decl. at ¶3.)

Plaintiff's signed authorizations were received by defendants on or about February 27, 2006. However, the authorizations were altered and redacted. Specifically, plaintiff edited the Authorization for Use and Disclosure of Protected Health Information form so that it no longer contained a request for information concerning his mental health, alcohol or drug use, developmental disability, HIV and AIDS, or all other records in his file and limited the request for medical information to matters concerning "back pain[,] knees[and] rt [sic] eye." Further, he altered the Authorization for the Disclosure of Non-Health Confidential Information to include an authorization for the release of educational information such as his high school transcript, "GED or HSED scores," "high school credits," "disciplinary actions" and "Vocational/technical school or college transcript." He also removed the check-mark in the box marked "Other" which requested "All records in the file" for "All time period[s]." The authorization form relating to non-health information submitted to plaintiff for his signature by defendants did not seek the release of any of plaintiff's educational information.

4

In general, parties may obtain discovery regarding any matter which is relevant. See Rule 26(b)(1), Federal Rules of Civil Procedure. To date, plaintiff has not responded to defendants' First Request for Interrogatories, Production of Documents and Requests to Admit. Plaintiff has not filed an opposition to defendants' motion to compel or otherwise advised the court of his objections to defendants' discovery requests. Thus, defendants are entitled to an order compelling plaintiff to respond to their First Request for Interrogatories, Production of Documents and Requests to Admit.

With respect to the authorization forms, plaintiff has not provided the court with any explanation for altering such forms. It is undisputed that plaintiff's medical records are relevant to this lawsuit. He has alleged physical injuries in the complaint due to defendants' use of excessive force and is seeking compensation for such injuries in the amount of $1,400,000. (Compl. at 7.) Defendants also contend that plaintiff's mental health records are relevant to this lawsuit because plaintiff testified at his deposition that he has been diagnosed with an anxiety disorder and that he felt nervous the night in question prior to going into the tavern. Plaintiff also testified in his deposition that he has had problems with alcohol and has learning disabilities. (Olson Decl. at Ex. C, pp. 17-23.) Furthermore, the plaintiff does not dispute that information concerning his mental health, alcohol use or developmental disabilities is relevant to this lawsuit.

Because the medical, mental health, alcohol and developmental disability information sought by defendants is relevant to this lawsuit and plaintiff has not raised any valid objection to release of that information, defendants' motion to compel will be granted concerning that information. However, defendants' broad request for "All records" in plaintiff's file is not limited in scope to relevant information and defendants have not

5

established that plaintiff's "HIV and AIDS" information is relevant to this lawsuit. Thus, the court will not issue an order directing plaintiff to authorize the release of all of his health-related records or any of plaintiff's information concerning HIV and AIDS.

Plaintiff has not objected to the release of his "Legal" information sought by defendants pursuant to the Authorization for the Disclosure of Non-Health Confidential Information. Instead, he altered the form by deleting the request for "All records in file" and by including an authorization for the DOC to release his educational information even though the defendants did not request that material. Defendants' blanket request for all non-health records in plaintiff's file is not tailored to include only information relevant to plaintiff's claims in this lawsuit. Also, defendants have not requested plaintiff's educational information so plaintiff's alteration of the authorization form to include such information is inappropriate. As a result, the court will compel plaintiff to sign an Authorization for the Disclosure of Non-Health Confidential Information form which is limited to the release of "Legal" information only.

## II. REQUEST FOR EXPENSES

Defendants' motion also seeks an order directing plaintiff to pay the costs and attorneys' fees they incurred in filing their motion to compel. Pursuant to Rule 37(a)(4)(A), a party which successfully brings a motion to compel discovery may be awarded

> the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

"Rule 37(a)(4) is a fee-shifting rule." Rickels v. City of South Bend, Ind., 33 F.3d 785, 787 (7th Cir. 1996). It "presumptively requires every loser to make good the victor's costs." Id. at 786. The Federal Rules of Civil Procedure and the Civil Local Rules are designed to facilitate the resolution of discovery disputes without the involvement of the court where possible. See Fed. R. Civ. P. 37; Civ. L. R. 37.1 (E.D. Wis.). In particular, the fee shifting provision of Fed. R. Civ. P. 37 targets discovery disputes by "encourag[ing] their voluntary resolution and curtail[ing] the ability of litigants to use legal processes to heap detriments on adversaries . . . without regard to the merits of the claim." Rickels, 33 F.3d at 787.

Plaintiff's failure to provide the court with any justification for failing to respond to defendants' discovery requests or his alteration of the authorization forms weighs in favor of an award under Rule 37(a)(4)(A). Pro se parties may be assessed costs under Rule 37(a)(4). See Rickels, 33 F.3d at 786-88. However, the court finds that an award of expenses would be unjust in this case because of plaintiff's indigent status and the fact that defendants' authorization forms did request some information that was not relevant to this lawsuit. Therefore, defendants request for Rule 37 expenses will be denied.

### III. REQUEST FOR AN EXTENSION

Finally, defendants seek an extension of the April 24, 2006, discovery deadline to allow plaintiff to comply with the order to compel and "to provide ample opportunity for Defendants to serve additional discovery requests, to the extent necessary, and to obtain information from Plaintiffs [sic] authorizations." Further, defendants ask that the May 22, 2006, deadline for the filing of dispositive motions also be extended. In view of the discovery dispute that existed between the parties, the court finds that modification of the discovery
7

and dispositive motion deadlines is warranted. Therefore, the date by which the parties are to complete discovery shall be extended to June 9, 2006, and the deadline by which the parties are to file dispositive motions will be extended to July 10, 2006.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that defendants' "Rule 7.4 Expedited Non-Dispositive Motion" (Docket #32) is **GRANTED, in part and DENIED, in part** as set forth in this decision and order.

**IT IS FURTHER ORDERED** that plaintiff shall respond to defendants' First Request for Interrogatories, Production of Documents and Requests to Admit within 10 days of this decision and order.

**IT IS FURTHER ORDERED** that defendants shall provide to plaintiff a revised Authorization for Use and Disclosure of Protected Health Information form that does not include a request for plaintiff's records at the DOC concerning "HIV and AIDS," or a blanket request for all of the plaintiff's health-related records maintained by the DOC. Plaintiff must sign and return the revised medical/mental health request form, without alteration, within five days of receipt.

**IT IS FURTHER ORDERED** that defendants must provide to plaintiff a revised Authorization for the Disclosure of Non-Health Confidential Information form that is limited to plaintiff's "Legal" records maintained by the DOC. Plaintiff must sign and return the form, without alteration, within five days of receipt.

**IT IS FURTHER ORDERED** that defendants' request for Rule 37 expenses is denied.

**IT IS FURTHER ORDERED** that defendants' request for an extension of time with respect to the discovery and dispositive motion deadlines is granted

**IT IS FURTHER ORDERED** that the date by which the parties are to complete discovery is extended to June 9, 2006, and the deadlines by which the parties are to file dispositive motions is extended to July 10, 2006.

Dated at Milwaukee, Wisconsin, this 10 day of May, 2006.

/s_____
LYNN ADELMAN
District Judge