NICOLAS A. DELEON,
    Plaintiff,

v.                                                                                                 Case No. 05-C-521

OFFICER KEVIN RICE, OFFICER RONN
K. GRACE, and OFFICER STEVEN A. GUTH,
    Defendants,

## ORDER

Plaintiff Nicolas DeLeon filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2005. On June 10, 2005, he was granted leave to proceed in forma pauperis on his claim that his Fourth Amendment rights were violated by defendants when he was incarcerated at the Waukesha County Jail. A scheduling order was originally entered in this case on October 21, 2005, pursuant to which discovery was to be completed on or before January 23, 2006, and dispositive motions were to be filed no later than February 24, 2006. On four occasions, the court extended those deadlines at the request of the parties. The most recent order of May 11, 2006, extended the discovery deadline to June 9, 2006, and the deadline for filing dispositive motions to July 10, 2006.

On June 21, 2006, the court received a letter from plaintiff dated June 14, 2006, in which he requests "additional time to review the pending case." As justification for his request, he contends that he has been "incarcerated since May 1, 2006,"[1] and "due to the death of [his] sister, [he] was unable to give [his] full attention to the case at hand."

---

[1] While plaintiff was incarcerated at the Waukesha County Jail ("WCJ") when he filed his complaint in this case, the record reveals that he was subsequently released from the WCJ. However, it now appears from plaintiff's letter that he has been returned to the WCJ.

(Plaintiff's Letter of June 14, 2006.) Although not delineated as such, the court will treat the plaintiff's letter as a motion for an extension of time.

Plaintiff has not demonstrated that he is entitled to the relief requested. Plaintiff has failed to establish that he served defendants with his motion as required under Rule 5(a), Federal Rules of Civil Procedure and Civil Local Rule 7.1(d). Plaintiff was notified in the order of June 10, 2005, that the court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to his or her attorney. In addition, plaintiff's motion fails to set forth the rule pursuant to which it is made as required under Civil Local Rule 7.1(a). Indeed, other than asking for "additional time to review the case," it is unclear from plaintiff's motion what relief he is seeking. At present, the only deadline that has not passed is the July 10, 2006, deadline for the filing of dispositive motions. However, nothing in plaintiff's letter justifies a further extension of that deadline. For these reasons, plaintiff's motion for an extension will be denied without prejudice.

As an additional matter, the court notes that plaintiff makes a reference in his letter to the fact that he would like counsel to represent him in his case. In the event that plaintiff would like the court to appoint counsel, he should file a motion seeking that relief. Further, the plaintiff was previously advised when the court denied his original motion for the appointment of counsel, that all litigants seeking the appointment of counsel must, as a threshold matter, demonstrate to the court that they have made "a reasonable attempt to secure private counsel." Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995). A plaintiff's unsubstantiated assertion that he has unsuccessfully attempted to secure counsel would not satisfy that burden.

**For the foregoing reasons,**

**IT IS THEREFORE ORDERED** that plaintiff's motion for extension of time (Docket #41) is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin, this 28 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge