# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**NICOLAS A. DELEON,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 05-C-521**

**OFFICER KEVIN RICE, OFFICER RONN
K. GRACE, and OFFICER STEVEN A. GUTH,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, Nicolas DeLeon, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 on May 10, 2005, and was granted leave to proceed in forma pauperis on June 10, 2005. Defendants filed a "Motion for Summary Judgment or Alternatively for Dismissal Due to Plaintiff's Failure to Prosecute" on July 10, 2006. Court records indicate that copies of the motion and supporting materials were mailed to plaintiff on July 10, 2006. Plaintiff did not file a response to this motion. By order of August 18, 2006, the court noted that plaintiff had not responded to the motion and granted him an additional 14 days to file a response to the defendants' motion. The court also advised plaintiff that his action may be dismissed with prejudice for failure to prosecute if he failed to file a timely response. To date, no response has been filed.

In addition to failing to respond to the defendants' motion and the court's order of August 18, 2006, the record reveals that plaintiff has also failed to comply with his discovery obligations. Pursuant to a court order of May 10, 2006, plaintiff was to provide responses to defendants' First Request for Interrogatories, Production of Documents and Requests to Admit within 10 days. (Order Granting, In Part, Mot. to Compel, May 10, 2006; Defendants' Brief in Support of Motion for Summary Judgment or Alternatively for Dismissal Due to

Plaintiff's Failure to Prosecute at 14.) Plaintiff did not comply with the provisions of that order, and to date, has not provide the information sought through discovery. (Defs.' Br. in Supp. of Mot. for Summ. Judg. or to Dismiss for Fail. to Pros. at 14; Defendants' Proposed Findings of Fact ¶17.)

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. It is well settled that "the ultimate sanction of dismissal should be involved only in extreme situation, where there is a clear record of delay or contumacious conduct." Rice v. City of Chicago, 333 F.3d 780, 785-86 (7th Cir. 2003) (internal citations omitted); see also Bolt v. Loy, 227 F.3d 854, 856 (7th Cir. 2000) (a plaintiff's failure to respond that delays the litigation can be a basis for a dismissal for lack of prosecution). However, no case should be dismissed for failure to prosecute without a warning to the plaintiff, either explicitly or by making clear that no further extensions of time will be granted. Bolt, 227 F.3d at 856 (citing Williams v. Chic. Bd. of Educ., 155 F.3d 853 (7th Cir. 1998)). Moreover, there is no requirement for district courts to impose graduated sanctions. Rice, 333 F.3d at 785 (citing Ball v. City of Chicago, 2 F.3d 752, 756 (7th Cir. 1993)).

Civil Local Rule 41.3 (E.D. Wis.), which governs dismissal for "lack of diligence," provides:

> Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action the Court may enter an order of dismissal with or without prejudice. Any party can petition for reinstatement of the action within 20 days.

Based on a review of the record and upon consideration of the applicable law, the court concludes that this action should be dismissed with prejudice for failure to prosecute. The plaintiff can petition for reinstatement of this action within 20 days. However, if plaintiff chooses to petition the court to reinstate his action, his petition must demonstrate good cause

for his lack of diligence in prosecuting his lawsuit. See Muhammad v. Wis. Coach Lines, Inc., 2006 WL 1049636 (E.D. Wis. Apr. 18, 2006).

**For the foregoing reasons,**

**IT IS ORDERED** that defendants' "Motion for Summary Judgment or Alternatively for Dismissal Due to Plaintiff's Failure to Prosecute" is **GRANTED**, to the extent that it seeks dismissal for failure to prosecute, but is **DISMISSED, AS MOOT**, in all other respects.

**IT IS FURTHER ORDERED** that this case be and hereby is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3 (E.D. Wis.). Plaintiff can petition the court for reinstatement of this action within 20 days.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment dismissing this action.

Dated at Milwaukee, Wisconsin, this 12th day of October, 2006.

                                  s/Lynn Adelman
                                  LYNN ADELMAN
                                  U.S. District Judge